# EXHIBIT 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____
                                               )
**UNITED STATES SECURITIES**      )
**AND EXCHANGE COMMISSION,**  )
                                               )
        **Plaintiff,**             )
                                             )
                 **v.**                )     Case No. 1:18-cv-02637
                                             )
**ANDREW J. KANDALEPAS,**       )     Judge: Ronald A. Guzman
        **Defendant.**           )     Magistrate Judge: Young B. Kim

**PLAINTIFF'S FIRST SET OF REQUESTS TO ADMIT
GENUINENESS OF DOCUMENTS
TO DEFENDANT ANDREW J. KANDALEPAS**

       Plaintiff, the U.S. Securities and Exchange Commission ("Plaintiff" or "SEC"), pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Minute Order entered on June 21, 2018 (Docket No. 17), requests that Defendant Andrew J. Kandalepas respond in writing to the following requests for admission by August 6, 2018 to the undersigned counsel.

**Definitions and Instructions**

       A.     The terms in the SEC's requests should be given their natural meaning, and are intended to require a complete disclosure of the facts of this case. If in doubt, you should interpret the SEC's discovery requests as seeking a complete disclosure of all relevant information described in the request. Please contact counsel for the SEC if you have questions about the scope or meaning of any of the requests.

B. "SEC" means the plaintiff in this action, the United States Securities and Exchange Commission.

C. "You" or "your" means Andrew J. Kandalepas, as well as his agents, attorneys, entities acting under his control or direction, and those persons authorized to act on his behalf.

D. "Matthew Mushlin" means Matthew T. Mushlin, as well as his agents, attorneys, entities acting under his control or direction, including but not limited to Equinox One Consulting LLC, and those persons authorized to act on his behalf.

E. "Tony Li" means Tony Zhicong Li, as well as his agents, attorneys, entities acting under his control or direction, and those persons authorized to act on his behalf.

F. "Wellness" means Wellness Center USA, Inc. and its parents, predecessors, successors, subsidiaries, related corporations, partnerships, joint ventures, professional associations, affiliates, principals, officers, directors, partners, associates, employees, agents, independent contractors, and persons acting on its behalf, as well as any aliases, code names, or trade or business names used by any of the foregoing.

G. "Li and Company" means Li and Company, PC and its parents, predecessors, successors, subsidiaries, related corporations, partnerships, professional associations, affiliates, principals, officers, directors, partners, associates, employees, agents, independent contractors, and persons acting on its behalf, as well as any aliases, code names, or trade or business names used by any of the foregoing.

H. "Investor" refers to any person or entity that agreed to give money or other assets to you or Wellness for the purpose of investment or investment management.

I. The terms "and" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of these requests any documents that might otherwise be considered beyond their scope.

J. You must respond to these requests in writing by August 6, 2018. Your failure to timely respond to any request may result in that matter being deemed admitted.

K. Any matters admitted are deemed conclusively established unless the court, on motion, permits the admission to be withdrawn.

L. In response to each request, please state whether you admit, deny, or lack sufficient information to admit or deny, the matter asserted. If you cannot truthfully admit or deny any matter, you must state in detail why you are unable to do so.

M. If you deny only part of a matter or wish to qualify an answer, you must specify the part admitted and qualify or deny the rest.

N. You must clearly state the grounds for objecting to any request.

O. If you assert a privilege as the basis for not responding to a request, please clearly state the type of privilege you are asserting and the basis for asserting the privilege.

P. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, all responses to discovery requests must be reasonably and timely supplemented throughout this litigation.

### REQUEST FOR ADMISSIONS – GENUINENESS OF DOCUMENTS

You are requested to admit the genuineness of the following described documents:

1. $250,000 Promissory Note by Andrew Kandalepas, produced by Wellness, a copy of which is attached hereto as Exhibit 1.

2. Exhibit 10.6 Note by Andrew Kandalepas attached to Wellness' 2013 10-K, a copy of which is attached hereto as Exhibit 2.

  3.  Press release dated October 1, 2015 issued by Wellness Center USA, Inc., a copy of which is attached hereto as Exhibit 3.

  4.  Press release dated November 24, 2015 issued by Wellness Center USA, Inc., a copy of which is attached hereto as Exhibit 4.

  5.  Email from Andrew Kandalepas to Tony Li sent on January 14, 2014, a copy of which is attached hereto as Exhibit 5.

  6.  Email from Andrew Kandalepas to Tony Li and Jane Chen, copying Ronald Duplack sent on January 14, 2014, a copy of which is attached hereto as Exhibit 6.

  7.  Email from Andrew Kandalepas to twelve recipients sent on August 17, 2012, a copy of which is attached hereto as Exhibit 7.

  8.  Press release dated August 28, 2012 issued by Wellness Center USA, Inc., a copy of which is attached hereto as Exhibit 8.

  9.  Email from Andrew Kandalepas to Peter Tsolinas and Scott Cunningham sent June 18, 2013, a copy of which is attached hereto as Exhibit 9.

  10.  Form 1099-MISC issued by Wellness Center USA, Inc. to Andrew Kandalepas for 2015, a copy of which is attached hereto as Exhibit 10.

  11.  Email from Ekaterina "Kate" Vovdina to Jane Chen, copying Andrew Kandalepas and three other recipients, sent on February 10, 2016, a copy of which is attached hereto as Exhibit 11.

  12.  Email and attachment from Peter Tsolinas to Andrew Kandalepas sent on August 19, 2012, a copy of which is attached hereto as Exhibit 12.

  13.  Email from Andrew Kandalepas to Peter Tsolinas sent on August 19, 2012, a copy of which is attached hereto as Exhibit 13.

14. By-Laws of Wellness, adopted at a regular meeting of the Board of Directors on November 3, 2010, a copy of which is attached hereto as Exhibit 14.

15. Email from Andrew Kandalepas to eliem@telus.net sent on June 17, 2010, a copy of which is attached hereto as Exhibit 15.

16. Email from Andrew Kandalepas to five recipients sent on October 14, 2010, a copy of which is attached hereto as Exhibit 16.

17. Emails exchanged between Andrew Kandalepas and Ekaterina "Kate" Vovdina during the time period from February 1, 2013 to February 10, 2013, copies of which are attached hereto as Exhibit 17.

18. Document produced by Andrew Kandalepas to the SEC on July 17, 2015, listing all of Andrew Kandalepas' email addresses and phone numbers, a copy of which is attached hereto as Exhibit 18. The document was produced in response to an SEC subpoena issued to Andrew Kandalepas on June 5, 2015, requesting documents sufficient to identify all email addresses and phone numbers that he used, maintained, or registered since January 1, 2010.

19. Document produced by Andrew Kandalepas to the SEC on July 17, 2015, listing all checking, savings, credit card, money market, brokerage, and loan accounts held by Andrew Kandalepas or that was under Kandalepas' control, including accounts that Kandalepas controls or has a financial interest in, a copy of which is attached hereto as Exhibit 19. The document was produced in response to an SEC subpoena issued to Andrew Kandalepas on June 5, 2015, requesting for the time period January 1, 2010 through the date of the subpoena, all checking, savings, credit card, money market, brokerage, and loan account statements for any account held by him individually or jointly, or that was under his control, including accounts in the names of entities that he controls or has financial interest in.

20. Email from Andrew Kandalepas to six recipients sent on January 14, 2014, a copy of which is attached hereto as Exhibit 20.

21. Email from Andrew Kandalepas to Jane Chen, copying Tony Li, sent on February 19, 2015, a copy of which is attached hereto as Exhibit 21.

22. Wellness' general ledger from June 1, 2010 through June 30, 2015.

23. Email and attachments from Andrew Kandalepas to Tony Li, copying Jane Chen, sent on January 14, 2014, a copy of which is attached hereto as Exhibit 23.

24. Email from Andrew Kandalepas to Tony Li and Ronald Duplack, copying Jane Chen, sent on August 5, 2013, a copy of which is attached hereto as Exhibit 24.

25. Email from Andrew Kandalepas to seven recipients sent November 7, 2012, a copy of which is attached hereto as Exhibit 25.

26. Email from Andrew Kandalepas to Periklis Papadopoulos sent on July 6, 2012, a copy of which is attached hereto as Exhibit 26.

27. Wellness' Check Register for its Bank of America checking account ending in 7050 from 2010 through September 30, 2015, a copy of which is attached hereto as Exhibit 27.

28. Email from John Yorke to Andrew Kandalepas sent on September 22, 2015, a copy of which is attached hereto as Exhibit 28.

29. Joint Venture Agreement between Wellness, Psoria-Shield Inc. and The Medical Alliance, Inc. with effective date of January 12, 2015, a copy of which is attached as Exhibit 29.

30. Operating Agreement for Psoria Development Company, LLC, a copy of which is attached as Exhibit 30.

31. Email from Andrew Kandalepas to John Yorke and Chris Waugh sent on September 29, 2015, a copy of which is attached as Exhibit 31.

32. Email from John Yorke to Andrew Kandalepas sent on September 22, 2015, a copy of which is attached as Exhibit 32.

33. Emails between Scot Johnson and Andrew Kandalepas, copying other directors, sent between March 14, 2014 and March 18, 2014, a copy of which is attached as Exhibit 33.

34. Emails between Dennis Sleister, Andrew Kandalepas and John Yorke sent on June 1, 2015, a copy of which is attached hereto as Exhibit 34.

35. Letter from BSI Group to Andrew Kandalepas dated July 7, 2015, a copy of which is attached hereto as Exhibit 35.

36. Email from BSIGroup to Andrew Kandalepas and Dimitri Kandalepas sent on August 29, 2014, a copy of which is attached hereto as Exhibit 36.

37. Email from Matthew Mushlin to Andrew Kandalepas and Dimitri Kandalepas sent on April 3, 2013, a copy of which is attached hereto as Exhibit 37.

38. Email from Matthew Mushlin to Andrew Kandalepas sent on August 26, 2013, a copy of which is attached hereto as Exhibit 38.

39. Email from Matthew Mushlin to Andrew Kandalepas sent on March 31, 2015, a copy of which is attached hereto as Exhibit 39.

40. Email from Matthew Mushlin to Andrew Kandalepas sent on April 1, 2015, a copy of which is attached hereto as Exhibit 40.

41. Email from Matthew Mushlin to Andrew Kandalepas sent on April 12, 2015, and email from Andrew Kandalepas to Matthew Mushlin sent on April 12, 2015, a copy of which is attached hereto as Exhibit 41.

42. Email from Andrew Kandalepas to Matthew Mushlin sent on March 25, 2013, a copy of which is attached hereto as Exhibit 42.

43. Email from Andrew Kandalepas to Matthew Mushlin sent on March 13, 2013, a copy of which is attached hereto as Exhibit 43.

44. Emails between Andrew Kandalepas and Ashok Wahi sent between April 21 and April 22, 2017, a copy of which is attached hereto as Exhibit 44.

45. Email from Andrew Kandalepas to Ashok Wahi sent on April 24, 2017, a copy of which is attached hereto as Exhibit 45.

46. Wellness' Check Register for its Bank of America checking account ending in 7050 from April 1, 2015 through April 17, 2017, a copy of which is attached hereto as Exhibit 46.

47. Messages sent from phone number 847-530-4898 to mushlin@sbcglobal.net on December 10, 2012, a copy of which is attached hereto as Exhibit 47.

48. Email from Andrew Kandalepas to Jay Joshi and Periklis Papadopoulos sent on May 16, 2015, a copy of which is attached hereto as Exhibit 48.

49. Emails from Andrew Kandalepas to various recipients sent on August 28, 2012 and August 29, 2012, a copy of which is attached hereto as Exhibit 49.

50. Email from Dimitrios Kontogiorgos to Andrew Kandalepas, copying Petter Kleppan, sent on August 23, 2012, a copy of which is attached hereto as Exhibit 50.

51. Email from Andrew Kandalepas to Periklis Papadopoulos and copying 6 individuals sent on August 8, 2012, a copy of which is attached hereto as Exhibit 51.

52. Press release dated August 8, 2012 issued by Wellness Center USA, Inc., a copy of which is attached hereto as Exhibit 52.

53. Email from Andrew Kandalepas to John Yorke sent on September 29, 2015, a copy of which is attached hereto as Exhibit 53.

Dated: July 6, 2018 /s/Doressia L. Hutton
Doressia L. Hutton (HuttonD@sec.gov)
John E. Birkenheier (BirkenheierJ@sec.gov)
Michelle Muñoz Durk MunozdurkM@sec.gov)
Kevin A. Wisniewski (WisniewskiK@sec.gov)
175 West Jackson Boulevard, Suite 1450
Chicago, IL 60604-2615
(312) 353-7390
(312) 353-7398 (fax)

*Attorneys for Plaintiff the United States
Securities and Exchange Commission*

## **CERTIFICATE OF SERVICE**

I certify that on July 6, 2018, I served a copy of the foregoing **REQUESTS TO ADMIT – GENUINENESS OF DOCUMENTS** by electronic mail delivery on

James L. Kopecky (jkopecky@ksrpc.com)
Howard Rosenburg (hrosenburg@ksrpc.com)
Kopecky Schumacher Rosenburg PC
120 N. LaSalle Street, Suite 2000
Chicago, IL  60602
312-380-6552
*Attorneys for Defendant Andrew J. Kandalepas*

.

By: ***/s/Doressia L. Hutton***_____