UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Case No: 1:18-cv-02637 |
| Plaintiff, | Judge: Ronald A. Guzman |
| v. | Magistrate Judge: Young B. Kim |
| ANDREW J. KANDALEPAS, | |
| Defendant. | |

**PLAINTIFF'S MOTION FOR
ENTRY OF JUDGMENT BY CONSENT**

Plaintiff, U. S. Securities and Exchange Commission (the "SEC" or "Commission"), pursuant to a bifurcated settlement negotiated with Defendant Andrew J. Kandalepas ("Defendant"), hereby moves this Court to issue an order of permanent injunctive relief against Defendant in the form attached hereto as Exhibit A. In support of this motion, the SEC states as follows:

1. The SEC filed its Complaint on April 12, 2018. The Complaint alleges that Defendant (1) misappropriated $450,000 from the bank account of Wellness Center USA Inc. ("Wellness") and then fraudulently characterized the withdrawals as "salary," "prepayments," or "loans" to conceal the misappropriation; (2) pocketed over $136,000 of trading profits by surreptitiously trading hundreds-of-thousands of shares of Wellness stock in his friend's online

brokerage account; (3) manipulated the market for Wellness stock; (4) defrauded investors and potential investors through a series of false and misleading statements; and (5) retained an unregistered broker-dealer to identify and introduce Wellness to potential investors and funding sources.

    2.    On September 17, 2018, Defendant agreed to a bifurcated resolution of this case. A copy of Defendant's Consent is attached as Exhibit B.

    3.    Defendant's Consent provides for the following:

    (a)    an order of permanent injunctive relief against Defendant which prohibits him from engaging in future violations of the securities laws;

    (b)    an order that permanently bars and prohibits Defendant from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]; and

    (c)    an order that permanently bars and prohibits Defendant from participating in any offering of a penny stock including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of, any penny stock.

(Exhibit B at ¶ 2)

    4.    Defendant has also agreed that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty and the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the SEC. (Exhibit B at ¶ 5)

    5.    The parties have agreed to submit briefing and supporting evidentiary materials to

the Court, and/or participate in an evidentiary hearing, in order to allow the Court to rule on the amount of disgorgement and civil penalty. The parties have agreed that these amounts will not be appealable. (Exhibit B at ¶¶ 5,7)

6. Defendant has agreed that for purposes of the SEC's motion, "the allegations of the Complaint shall be accepted as and deemed true by the Court." (Exhibit B at ¶ 5(c))

7. Bifurcated settlements are a common form of resolution in SEC enforcement actions. *See, e.g.*, *SEC v. Veros Farm Loan Holding LLC*, No. 1:15-CV-00659, 2018 WL 731955 (S.D. Ind. Feb. 6, 2018); *SEC v. Zenergy Int'l, Inc.*, No. 13-CV-5511, 2016 WL 5080423 (N.D. Ill. September 20, 2016).

8. The order of permanent injunctive relief and bars against Defendant may be entered immediately as the Consent states "Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice." (Exhibit B at ¶ 16)

9. The SEC is requesting a status hearing in 30 days, so a decision may be made on the timing of the filing of the motion on the amounts of disgorgement and the civil penalty the Defendant should be required to pay.

WHEREFORE, Plaintiff U. S. Securities and Exchange Commission respectfully requests that this Court enter the attached Judgment. The SEC further requests a status hearing in 30 days.

Dated: September 18, 2018

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION**

By: /s/ Doressia L. Hutton
Doressia L. Hutton (HuttonD@sec.gov)
John E. Birkenheier (BirkenheierJ@sec.gov)
Michelle Muñoz Durk (MunozdurkM@sec.gov)
Kevin A. Wisniewski (WisniewskiK@sec.gov)
175 West Jackson Boulevard, Suite 1450
Chicago, IL 60604-2615
(312) 353-7390
(312) 353-7398 (fax)

*Attorneys for Plaintiff the United States Securities
and Exchange Commission*

### Certificate of Service

I hereby certify that on September 18, 2018, I served **PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT BY CONSENT** on all counsel of record through the Court's ECF filing system.

By: **/s/ Doressia L. Hutton**
**Doressia L. Hutton**